IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL DEJUAN MCCROY, | ) | 8:10CV69 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS CENTER, JEFFERY | ) | |
| L. NEWTON, Director, WALKER, | ) | |
| Sgt., HEATLEY, Chaplain, and | ) | |
| CORTESE, C. O., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 16, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### *I. SUMMARY OF COMPLAINT*

Plaintiff filed his Complaint on February 16, 2010, against the Douglas County Corrections Center ("DCC") and four individual DCC employees: Jeffery L. Newton, Sgt. Walker, Chaplain Heatley and C.O. Cortese (collectively the "Individual Defendants"). (Filing No. 1 at CM/ECF pp. 1, 4.) Plaintiff is currently confined in the DCC in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that on January 14, 2010, officers conducted a shakedown of "C Mod" and confiscated his prayer towel and his "Koran." (*Id*. at CM/ECF pp. 5-6.) Because Plaintiff was authorized to have these

-1-

items in his cell for religious purposes, he filed a grievance form requesting the return of his religious items on January 17, 2010. (*Id*. at CM/ECF pp. 6, 12.) Plaintiff did not receive a response for ten days, so he also wrote to the State Ombudsman's Office to complain about the confiscation. (*Id*. at CM/ECF p. 6.)

On January 29, 2010, a representative from the Ombudsman's office visited Plaintiff to discuss the confiscation. (*Id*. at CM/ECF pp. 6, 12.) That same day, DCC returned Plaintiff's religious items and apologized for the inconvenience. (*Id*.) Plaintiff alleges he could not correctly practice his religion without his religious items and that he suffered severe emotional stress from "loss of connection with [his] faith." (*Id*. at CM/ECF p. 7.) He seeks the "maximum" monetary damages allowable by law. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented

or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

As discussed above, Plaintiff names the DCC as a Defendant in this matter. The court liberally construes claims against the DCC as claims against Douglas County, Nebraska. Plaintiff also names four individual DCC employees as Defendants in this matter. However, he does not specify the capacity in which he sues these Individual Defendants. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson*, 172 F.3d at 535 (assuming official capacity claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Plaintiff did not specify the capacity in which he sues the Individual Defendants. (Filing No. 1.) Therefore, the court assumes that the Individual Defendants are sued in their official capacities only. As discussed above, claims against the Individual Defendants, in their official capacities only, are actually claims against their employer, Douglas County, Nebraska. Accordingly, Plaintiff's Complaint only alleges claims against Douglas County, Nebraska.

As a municipal defendant, Douglas County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries.

Rather, Plaintiff's Complaint indicates that his religious items were confiscated during a shakedown on January 14, 2010. (Filing No. 1.) After the shakedown, Plaintiff filed a grievance petition requesting the return of his religious items. (*Id*. at CM/ECF p. 12.) DCC determined that Plaintiff's allegations were "substantiated," returned his religious items on January 29, 2010, and apologized for the inconvenience. (*Id*.) This temporary deprivation of religious items does not rise to the level of a constitutional violation. *See, e.g.*, *Marsh v. Corrs. Corp. of Am.*, No. 97-2070, 1998 WL 31435, at *3 (10th Cir. Jan. 28, 1998) (concluding plaintiff's allegations that defendants temporarily deprived her of religious items for fifteen days failed to satisfy her burden of establishing a First Amendment violation); *Fillmore v. Eichkorn*, 891 F.Supp. 1482, 1493 (D. Kan. 1995) (finding denial of arrestee's religious requests for cotton clothing, distilled water and a Holy Bible over a weekend did not establish constitutional violation), *aff'd*, 77 F.3d 492 (10th Cir. 1996); *Bryan v. Admin. of F.C.I. Otisville*, 897 F.Supp. 134, 137 (S.D.N.Y. 1995) (holding that given legitimate security concerns in prison context, brief three-day confiscation of religious items does not seem unreasonable). Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. All pending Motions are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.